{¶ 87} I dissent from the majority's disposition of Glidden III's fifth and ninth assignments of error finding Glidden III an insured under the policies of insurance issued by the various defendants. I decline to join the majority in concluding that a successor corporation such as Glidden III is entitled to the benefits of various insurance policies issued to its predecessor on the basis that these benefits transferred by operation of law. Instead, I concur with the well-reasoned opinion issued by Judge James Porter, the trial judge in this case.
 {¶ 88} In rejecting the rationale behind the NorthernInsurance line of cases, Judge Porter based his decision, in part, on the contractual nature of insurance policies issued by the primary insurers to SCM(NY) or Glidden I.
 {¶ 89} "The coverage of liability insurance does not automatically follow the assets purchased by a stranger to the insurance policy. Furthermore, Northern Insurance and cases following it did not present the case, as here, where the insurance companies would have to potentially defend two or more parties rather than a single insured [that] once held the assets. The logical extension of [Glidden III's] theory, if accepted, would require the defendant insurers to defend the ten or more `fan companies' to which Hanson spun-off SCM(NY)'s operating divisional assets. Although the risk for which coverage is now claimed may relate solely to pre-1987 activities of Glidden I and SCM(NY) the obligation to defend multiple parties emanating from those events is not the same. Furthermore, the Court cannot conclude on the record before it that the expense of defending multiple successor corporations is the same. * * * Accordingly, the Court rejects the `operation of law' argument made by [Glidden III]."
 {¶ 90} This reasoning was recently adopted in CenturyIndemn. Co. v. Aero-Motive Co. (W.D.Mich 2003),318 F.Supp.2d 530. After a thorough review of the split in authority on this issue, the Century Indemnity court declined to follow NorthernInsurance. Instead, the court agreed with the reasoning of Gen.Acc. Ins. Co. v. Superior Court (1997), 55 Cal.App.4th 1444,64 Cal.Rptr.2d 781, 785, when it stated that "the relationship between an insurer and an insured is determined under contract principles rather than upon public policy." Id. at 539.
 {¶ 91} I agree with this reasoning. Whether one is entitled to the benefits of coverage under a policy of insurance is a matter of contract, not tort, law.
 {¶ 92} "An insured-insurer relationship is a matter of contract. Successor liability is a matter of tort duty and liability. It is one thing to deem the successor corporation liable for the predecessor's torts; it is quite another to deem the successor corporation a party to insurance contracts it never signed, and for which it never paid a premium, and to deem the insurer to be in a contractual relationship with a stranger.Gen. Acc., 55 Cal.App.4th at 1451, 64 Cal.Rptr.2d at 785; accord Henkel Corp. v. Hartford Acc. and Indemn. Co. (2003),29 Cal.4th 934, 129 Cal.Rptr.2d 828; see, also, Red Arrow Prod.Co. (2000), 233 Wis.2d 114; Quemetco, Inc. v. PacificAutomobile Ins. Co. (1994), 24 Cal.App.4th 494,29 Cal.Rptr.2d 627.
 {¶ 93} Glidden III was neither a named insured under the various policies nor a valid assignee. It cannot now assume either status merely because it succeeded to the assets of a predecessor corporation that held that status. "The law can impose tort liability on a successor corporate entity; it cannot impose a contractual insurance relationship between an insurer and a stranger to the insurance contract." Id. at 1455, 788.
 {¶ 94} I would, therefore, overrule Glidden III's fifth and ninth assignments of error and would uphold the judgment rendered by Judge Porter finding that the insurance policies at issue did not pass by operation of law to Glidden III as a successor corporation.
 {¶ 95} I also dissent from the majority's disposition of Glidden III's eighth assignment of error, which addresses the issue of choice of law for purposes of allocation under the various policies. Because I would affirm the judgment rendered by Judge Porter in its entirety, this assigned error need not be addressed.